1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8

9  Alfonso German,                    )   CV-05-1830-PHX-MHM (LOA)
                                       )
10             Plaintiff,              )   **REPORT AND RECOMMENDATION**
                                       )
11  vs.                               )
                                       )
12  Joe Arpaio,                        )
                                       )
13             Defendant.              )
                                       )
14  _____   )

15        This matter arises on the Court's review of the file.  Plaintiff commenced this action on

16  June 17, 2005. (document # 1) On November 4, 2005, the Court ordered service on Defendant

17  Arpaio and directed Plaintiff to return a completed service packet on or before November 25,

18  2005. (document # 4)  In that same Order, the Court directed Plaintiff to immediately notify the

19  Court in writing of any change in his address and warned Plaintiff that failure to do so could

20  result in dismissal of this action.

21        Thereafter, on November 9, 2005 the Court received returned mail addressed to Plaintiff

22  marked "undeliverable."  No forwarding information was available. (document # 5)  Plaintiff

23  violated the Court's November 4, 2005 Order by failing to advise the Court of his new address

24  and by failing to return a completed service packet by the November 25, 2005 deadline.  In view

25  of Plaintiff's failure to comply with court orders, on December 16, 2005, the Court ordered

26  Plaintiff to show cause on or before January 5, 2006 why his action should not be dismissed

27  without prejudice for failure to comply with Court orders. (document # 6)(citing FED.R.CIV.P.

28

1  41(b) which provides that the court may dismiss an action for failure to comply with any order

2  of court.)

3          Although the January 5, 2006 deadline has passed, Plaintiff has not responded to the

4  Court's December 16, 2005 Order and has neither returned a completed service packet nor

5  advised the Court of his current address.  On December 23, 2005, the Court again received

6  returned mail addressed to Plaintiff marked "undeliverable, released from custody."  (document

7  # 7) There is no alternate address for Plaintiff in the Court's records.  Plaintiff has not taken any

8  action in this matter since he filed the Complaint on June 17, 2005.  (document # 1) In view of

9  the foregoing, the Court will consider whether dismissal is appropriate.

10         When considering whether to dismiss an action for failure to prosecute or failure to

11  comply with court orders, the court must consider: "'(1) the public's interest in expeditious

12  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

13  defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

14  availability of less drastic sanctions.'" Malone v. United States Postal Service, 833 F.3d 128,

15  130 (9th Cir. 1987)(quoting Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)).

16         The first two dismissal factors support dismissal of this matter.  Plaintiff's failure to take

17  any action since filing this case has impeded the resolution of this case.  See Malone, 833 F.2d

18  at 130.  While the Court has reviewed Plaintiff's Complaint and attempted to assist Plaintiff in

19  serving his Complaint, Plaintiff has done nothing.  (document # 4)  Plaintiff's failure to inform

20  the Court of his address and failure to return a completed service packet has brought his matter

21  to a halt.  Plaintiff's failure to explain his disregard for Court orders and his delay in returning

22  the completed service packet also weighs in favor of dismissal.  See Ash v. Cvetkov, 739 F.2d

23  493, 496 (9th Cir. 1984).  Third, Plaintiff bears the burden of persuasion as to the reasonableness

24  of his delay and lack of prejudice to Defendant.  See Franklin v. Murphy, 745 F.2d 1221, 1232

25  (9th Cir. 1984).  "In determining whether a defendant has been prejudiced, [the court] examine[s]

26  whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere

27  with the rightful decision of the case."  Malone, 833 F.2d at 131 (citing Rubin v. Belo

28  Broadcasting Corp. (In re Rubin), 769 F.2d 611, 618 (9th Cir. 1985)).  Under Rule 41(b),

- 2 -

1   Plaintiff is required to prosecute his case with reasonable diligence. Moore v. Telfon
2   Communications Corp., 589 F.2d 959, 967 (9th Cir. 1978). Plaintiff has not taken any action
3   in this matter since he filed his Complaint in June of 2005. Plaintiff's inaction has effectively
4   stopped the litigation of this matter indefinitely. Despite being ordered to do so, Plaintiff has
5   not explained his total disregard of the Court's Orders. Under these circumstances, the Court
6   finds that Plaintiff has not satisfied his burden of persuasion on the issue of prejudice. See
7   Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir. 1984)(finding that district court did not abuse
8   its discretion in dismissing action based on plaintiff's failure to serve process where plaintiff had
9   failed to satisfy his burden of establishing lack of prejudice to defendants.) Fourth, the Order
10  to Show Cause warned Plaintiff that the Court may dismiss the matter if Plaintiff did not show
11  cause for his failure to comply with court orders. This warning satisfies the Court's obligation
12  to consider less drastic alternatives to dismissal. See Malone, 833 F.2d at 132 (citations
13  omitted). Finally, the public policy in favor of deciding cases on the merits weighs against
14  dismissal. This factor alone, however, does not  outweigh the other factors which support
15  dismissal. Id. at 133 n.2.

16      After review of the foregoing factors, the Court finds that this matter should be dismissed
17  based on Plaintiff's failure to prosecute his claims and failure to comply with Court orders. See
18  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)(stating that district courts have the
19  authority to "control their dockets and, . . . they may impose sanctions including, where
20  appropriate, . . . dismissal of a case." )(internal quotation omitted); Carey v. King, 856 F.2d
21  1439, 1440 (9th Cir. 1988)(holding that district court did not abuse its discretion in dismissing
22  pro se plaintiff's complaint for failure to advise the court of his current mailing address.)

23      Accordingly,

24      IT IS HEREBY RECOMMENDED that this matter be **DISMISSED** without prejudice
25  for failure to prosecute and for failure to comply with Court orders pursuant to FED.R.CIV.P.
26  41(b).

27      This recommendation is not an order that is immediately appealable to the Ninth Circuit
28  Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

1   Procedure, should not be filed until entry of the District Court's judgment.  The parties shall

2   have ten days from the date of service of a copy of this recommendation within which to file

3   specific written objections with the Court.  See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e),

4   Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a

5   response to the objections. Failure timely to file objections to the Magistrate Judge's Report and

6   Recommendation may result in the acceptance of the Report and Recommendation by the

7   District Court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121

8   (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate

9   Judge will be considered a waiver of a party's right to appellate review of the findings of fact

10   in an order or judgment entered pursuant to the, Magistrate Judge's recommendation. See Rule

11   72, Federal Rules of Civil Procedure.

12       Dated this 20th day of January, 2006.

13

14

15   _____
     Lawrence O. Anderson
16   United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28